IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV58-03-MU

TREVON STEELE,                          )
                                        )
          Plaintiff,                    )
                                        )
          v.                            )          **O R D E R**
                                        )
BABB et. al.,                           )
                                        )
          Defendants.                   )
_____ )


**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed February 5, 2006 (Document No. 1. ) Upon careful consideration by the

Court, for the reasons set forth herein, the Plaintiff's Complaint will be dismissed.

According to his Complaint, the Plaintiff is an inmate who is currently confined in Central

Prison in Raleigh, North Carolina. Plaintiff's Complaint contains allegations against six Department

of Corrections employees including five employed at Central Prison and Mr. Theodis Beck,

Secretary of the North Carolina Department of Corrections. The Complaint also contains allegations

against three Mecklenburg County government employees and an Assistant District Attorney whom

this Court will dismiss. The Court will refer to the defendants employed at Central prison and Mr.

Beck as the "DOC defendants" and the latter group as the "Mecklenburg defendants."

First, this Court notes that Plaintiff's Complaint is very difficult to read in that it is

handwritten in terribly messy handwriting and is also nonsensical. It contains rambling allegations

ranging from alleged due process violations and prosecutorial misconduct stemming from his

1

sentencing hearing, to prison staffs' refusal to notarize Plaintiff's legal documents to cold temperatures in Plaintiff's cell. However, from what the Court was able to decipher, Plaintiff first contends that Assistant District Attorney Smithwyck and the three Mecklenburg County employees: Court Deputy Clerk Babb, a Superior Court Stenographer, and Superior Court notary public somehow failed to follow the Judges' oral order. Plaintiff maintains that the court stenographer "refusal to comprehend Judge R.D. Boner Judge and Commitment order . . . " The order was a plea agreement, the order was in open court/orally for stenographer to record, yet ADA Smithwyck, Judge Boner, nor defense counsel has corrected the consecutive sentencing order, amounting to prosecutorial misconduct, breach of contract, racially motivated and judicial misconduct, abuse of discretion/office, cannon's code violation, consanguinity, causing cruel and unusual imprisonment punishment, unduly harsh and atypical significant hardship, deliberate malice, disparity collusion -contrivance . . . ." (Complaint at 4.) From the above rambling allegations, the Court reads Plaintiff's claims as an attempt to challenge his sentence. However, a §1983 lawsuit is not the proper vehicle to do so. A habeas petition may be a more appropriate forum for this type of claim. However, the Court cautions Plaintiff that he must exhaust his state remedies prior to filing a federal habeas petition. Plaintiff's claims against Court Clerk Babb, Court stenographer, Court notary public and Assistant District Attorney Smithwyck are dismissed for failure to state a claim for relief.

Next, Plaintiff claims that Defendants Vick (or Vicki), King, Polk, Couch and Huggins, all employees of Central Prison in Raleigh, N.C., somehow refused to notarize legal document for him. Plaintiff also contends that Defendant Vick may have refused such notary services because Plaintiff would not engage in sex with him. Next, Plaintiff contends that Central Prison employees Polk, and Wellman and N.C. Secretary of Prisons Beck accused him of being a gang member and that Central

Prison employees King, Vick and Huggins threatened to beat him. Plaintiff also contends that Defendant Huggins deprived Plaintiff of psychiatric treatment. Finally, Plaintiff complains that it is very cold in his cell.

Plaintiff claims that he has exhausted his grievances,[1] however the Court doubts that he has exhausted all levels of the grievance process in that he alleges that some or all of the above incidents occurred on January 26, 2007 and February 1, 2007. The Complaint was filed on February 5, 2007. Therefore, it is very unlikely that Plaintiff could have done anything more than file an initial grievance. He certainly could not have fully exhausted the several step grievance process of which this Court is familiar.

In any event, the Court notes that the DOC defendants are all employed and likely reside in Raleigh, North Carolina.[2] Additionally, Plaintiff is housed at Central Prison in Raleigh. The allegations in Plaintiff's Complaint against the DOC defendants all relate to the conditions of Plaintiff's confinement or the treatment he has received at Central Prison. As such, this Court is not the appropriate venue for a lawsuit against these defendants. Plaintiff's lawsuit is dismissed without prejudice.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1) Plaintiff's Complaint against Assistant District Attorney Smithwyck, Court Deputy Clerk Babb, Superior Court Stenographer, and Superior Court notary public is dismissed for

---

[1] There were no grievances attached to Plaintiff's Complaint.

[2] The Court takes judicial notice that Raleigh, North Carolina is situated within the Eastern District of North Carolina.

failure to state claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

2) Plaintiff's Complaint against the remaining Defendants is dismissed without prejudice to

refiling in the appropriate district.

**SO ORDERED**.

Signed: February 12, 2007

Graham C. Mullen
United States District Judge